


**FILED**

**March 31, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 7:15 AM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Doris Elaine Johnson, | ) Docket No.: 2015-01-0182 |
| Employee, | ) |
| v. | ) State File No.: 52073-2015 |
| | ) |
| Western Express, | ) Judge Thomas Wyatt |
| Employer. | ) |

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE came before the undersigned Workers' Compensation Judge, telephonically, on March 29, 2016, upon the Motion to Dismiss that the employer, Western Express, filed February 25, 2016, pursuant to Rule 0800-02-21-.14(3) (Rule 14(3)) of the Tennessee Compilation Rules and Regulations (2015). Andrew Saulters, attorney for Western Express, called in for the hearing at the scheduled time. Doris Elaine Johnson, the employee, failed to call in at the scheduled time.

After waiting five minutes, the Court phoned Ms. Johnson at the number listed on the Petition for Benefit Determination. The call went to voice mail. The Court left a voice mail message in which it asked Ms. Johnson to call in for the hearing on Western Express' Motion to Dismiss. The Court identified the call-in numbers for the hearing as part of its voice mail message to Ms. Johnson. The Court waited on the call-in line until ten minutes after the scheduled time for the hearing. When Ms. Johnson did not call in, the Court conducted the hearing on Western Express' Motion to Dismiss without her participation.

Western Express asked for dismissal of Ms. Johnson's case with prejudice because: (1) during the December 22, 2015 Expedited Hearing, she did not introduce an expert medical opinion that her alleged work-related injury arose primarily out of and in the course and scope of employment; (2) she did not submit an expert medical opinion that her alleged injury arose primarily out of and in the course and scope of employment in response to its Motion to Dismiss; (3) she failed to call in to participate in the Initial (Scheduling) Hearing on February 25, 2016; and, (4) she failed to participate in the scheduled hearing on its Motion to Dismiss. Western urged the Court to dismiss Ms.

1

Johnson's claim with prejudice because her failure to participate in scheduled hearings indicates she does not intend not to prosecute her claim.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

The Bureau's Rule 14(3) provides an employer a mechanism to require an employee to address evidentiary deficiencies in the proof of the compensability of her claim where the Court denied the employee's claim on grounds of compensability following an Expedited Hearing. Upon the employer's filing of a Rule 14(3) motion to dismiss, the employee must respond within thirty calendar days. Contingent upon the employee's response, the Court may "issue an appropriate order" following the conduction of a hearing.

The Workers' Compensation law requires that an injured worker establish her injury arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. § 50-6-102(14) (2015). In this claim, Ms. Johnson requested an Expedited Hearing, which the Court conducted, telephonically, on December 22, 2015. Following the Expedited Hearing, the Court denied Ms. Johnson's claim for interlocutory relief because of her "failure to come forward with medical expert opinion establishing that she sustained injury arising [primarily] out of and in the course and scope of employment[.]"

The Court notes Ms. Johnson did not respond to Western Express's Motion to Dismiss by either the submission of medical evidence of work-relatedness or by calling in to participate in the hearing on the Motion to Dismiss. In view of Ms. Johnson's failure to respond and, further, because the record before the Court contains no expert medical opinion that her alleged injury arose primarily out of and in the course and scope of employment, the Court finds it is appropriate to enter an order dismissing Ms. Johnson's claim pursuant to Rule 14(3).

Western Express urged that the Court dismiss Ms. Johnson's claim with prejudice. The Court finds it is appropriate to dismiss this claim with prejudice because Ms. Johnson failed to participate in the last two scheduled hearings, and she did not respond to Western Express's Motion to Dismiss.

The Court taxes the $150 filing fee in this claim to Western Express and/or its

2

workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Tennessee Compilation Rules and Regulations (2015). Western Express or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

**IT IS SO ORDERED**.

**ENTERED this the 31st day of March, 2016.**

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order of Dismissal was sent to the following recipients by the following methods of service on this the 31st day of March, 2016.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Doris Johnson, Self-Represented | X | X | Dot1918@live.com |
| Andrew Saulters, Attorney | | X | dsaulters@ortalekelley.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**